# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ALICIA LASHEA NEUPANE
MAHMOOD,                                    :
                                            :
        Plaintiff,                          :       Civil Action No.:      21-1262 (RC)
                                            :
        v.                                  :       Re Document No.:       4
                                            :
U.S. DEPARTMENT OF HOMELAND                 :
SECURITY, *et al.*,                         :
                                            :
        Defendants.                         :

## MEMORANDUM OPINION

### GRANTING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Alicia Lashea Neupane Mahmood brings this suit against Defendants the U.S. Department of Homeland Security ("DHS"), the U.S. Citizenship and Immigration Services ("USCIS"), the U.S. Department of State ("DOS"), the U.S. Consulate of Ankara, Turkey, and the respective heads of each agency (collectively, "the Government") alleging unlawfully withheld and unreasonably delayed agency action in violation of the Administrative Procedure Act ("APA"), as well as a violation of due process rights under the Fifth Amendment.  Ms. Mahmood specifically alleges that the visa application process for her spouse, Mr. Khalat Nidhamaldeen Mahmood, has been delayed for an unreasonable amount of time, and intentionally so pursuant to DHS's Controlled Application Review and Resolution Program ("CARRP") that failed to undergo the APA public notice and comment process for final agency actions.  Now before the Court is the Government's motion to dismiss Ms. Mahmood's complaint.  The Government moves to dismiss Plaintiff's complaint on the grounds that it names

officials who cannot provide the requested relief and fails to state a legally sufficient claim. For the reasons set forth below, the Court holds that Plaintiff has named certain officials who have already completed their duties as part of the visa process and therefore dismisses the claims with respect to those parties as moot. Furthermore, the Court holds that Plaintiff has failed to state a claim regarding CARRP, of unreasonable delay, or of due process violations.

## II. FACTUAL BACKGROUND

Ms. Mahmood, a U.S. citizen, is the spouse of Khalat Nidhamaldeen Mahmood, a citizen of Iraq. Compl. ¶¶ 1–2, ECF No. 1. Ms. Mahmood filed a visa petition with USCIS on Mr. Mahmood's behalf as a "spouse visa petitioner" on November 29, 2018. *Id.* ¶¶ 14, 17. She received a confirmation receipt numbered LIN19900116953 from USCIS and paid all applicable fees. *Id.* ¶¶ 17–18. USCIS purportedly approved the I-130 spouse visa petition on November 19, 2019, and at that point should have sent Mr. Mahmood's case to the National Visa Center ("NVC"), a branch of DOS, for visa processing. *Id.* ¶¶ 19–20. NVC first assigned number BGH2020507006 to the case. *Id.* ¶ 20. Plaintiff's visa request was then "transferred to Doha, Qatar following attacks on the U.S. Embassy consulate in Baghdad." *Id.* ¶ 21.

Subsequently, NVC assigned another case number, ANK2020719010 indicating that the visa would be processed at the U.S. Embassy consulate in Ankara, Turkey. Defs'. Mot. Dismiss & Mem. Supp. Thereof ("Mot.") at 2–3, ECF No. 4; *see also* Compl. ¶ 22. The next step in the process would have been for DOS to conduct Mr. Mahmood's visa consular interview. *See* Compl. ¶ 23; Pl.'s Mem. P. & A. Opp'n Defs.' Mot. Dismiss ("Opp'n") at 4, ECF No. 5. Ms. Mahmood alleges that she has repeatedly attempted to contact the consulate, presumably in Ankara, to "obtain a decision in this matter." Compl. ¶ 24.

After not receiving a consular response, Ms. Mahmood filed the instant complaint requesting mandamus relief, alleging that the agency action was unreasonably delayed in violation of the APA. *See id.* ¶¶ 36–37. Additionally, Plaintiff alleges that the unreasonably delayed agency action in the matter violated her Fifth Amendment due process rights to "fundamental fairness in administrative adjudication" and "consortium between Plaintiff and Khalat Nidhamaldeen Mahmood." *Id.* ¶¶ 41–43. While Plaintiff did not define how long the allegedly unreasonable delay is in her complaint, she seems to define the delay in her Opposition to the Government's Motion to Dismiss as the nearly thirty-month time period from when she filed a visa petition on Mr. Mahmood's behalf with USCIS on November 29, 2018, to the time this case was filed. *See* Opp'n at 4.

Plaintiff also requests relief specifically pertaining to her allegations about CARRP. *See* Compl. ¶¶ 30–35. First, Plaintiff requests declaratory judgment that CARRP violates the Immigration and Nationality Act ("INA"); Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment of the United States Constitution; and the APA. *See id.* at 9. Second, Plaintiff requests that this Court enjoin the Government from applying CARRP to Mr. Mahmood's case and order the Government to rescind CARRP due to the Government's failure to subject it to the APA's public notice and comment process for final agency actions. *See id.* Plaintiff alleges based "[o]n information and belief" that Defendants are "intentionally delaying a response to the DOS" regarding Mr. Mahmood's visa application in violation of the APA pursuant to CARRP because Mr. Mahmood is from a "predominantly Muslim country." *Id.* ¶¶ 31–32. Plaintiff contends that CARRP did not undergo notice and comment and that it instructs the Government to delay adjudicating visa applications from applicants that CARRP identifies as "national security concerns" based on characteristics such as national origin.

Compl. ¶¶ 33–34.  Furthermore, Plaintiff contends "[u]pon information and belief" that USCIS and DOS are "complicit" in the CARRP-driven processing delay.  *Id.* ¶ 32.

In response to the complaint's APA unreasonable-delay claim, the Government moves to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).  Mot. at 5–6.  The motion to dismiss defines the delay as the approximately eighteen-month period between USCIS's last action on November 19, 2019, and when Plaintiff filed suit on May 7, 2021.  Mot. at 2.  The Government contends that the delay is not unreasonable "given the unique difficulties faced by consular offices in Iraq and the COVID-19 pandemic."  *Id.*  Due to the COVID-19 pandemic, DOS suspended visa services worldwide from March 2020 to July 2020, when it resumed limited services on a "post-by-post basis, consistent with State Department guidance for safely returning our Nation's consular officials and diplomats to work based on COVID-19 conditions where each post is located."  *Id.* at 3.  Resultingly, DOS's visa services and consular interview abilities are limited globally, causing a backlog of cases pending visa interview scheduling at NVC, including Mr. Mahmood's interview at the Ankara, Turkey consulate.  *See id.* at 3–4.  Over 30,000 fewer visas were processed worldwide in January 2021 than were processed in January 2020, before the full impact of the pandemic.  *Id.*

Furthermore, the Government moves to dismiss the claims against DHS, USCIS, and their respective heads under Rule 12(b)(1) as moot.  *Id.* at 5.  The Government contends that DHS and USCIS cannot provide the relief Plaintiff requests because they "have no role in adjudicating a visa application or they completed their role in the process" after approving Mr. Mahmood's petition for DOS interview scheduling.  *Id.*; *see also* Defs.' Reply Supp. Defs.' Mot. Dismiss ("Reply") at 11, ECF No. 6.

In response to the complaint's CARRP and Due Process claims, the Government moves to dismiss pursuant to Rule 12(b)(6) for failure to state cognizable claims. *See* Mot. at 15. The Government contends that the CARRP allegations based "[u]pon information and belief" are untenable because CARRP is a DHS policy under the USCIS that "does not extend to the Department of State." *See* Mot. at 4, 17–18 (quoting *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-cv-00397, 2020 WL 1308376, at *6 (D.D.C. Mar. 19, 2020)). The Government also contends that the allegations of Due Process violations are incognizable because Plaintiff has no procedural or substantive due process rights to expedited adjudication of Mr. Mahmood's visa application. *See* Mot. at 16.

## III.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

The Federal Rules of Civil Procedure require that "a complaint contain a short and plain statement of the claim" to give the defendant fair notice and the grounds upon which the claim rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Under Rule 12(b)(1), a claim must be dismissed if it fails to allege facts which, if true, would establish the Court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). To invoke federal jurisdiction, a plaintiff must demonstrate the existence of an "actual and concrete dispute" between the parties. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018).

If the case becomes moot at any point before or during the proceedings, then such a case is no longer within the jurisdiction of the federal courts. *Id.* However, "a defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case," *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000), unless "there is no reasonable expectation that the wrong will be repeated," *United States v. W.T. Grant Co.*, 345

U.S. 629, 633 (1953) (quoting *United States v. Aluminum Co. of Am.*, 148 F.2d 416, 448 (2d Cir.

1945)).  In evaluating subject-matter jurisdiction, courts must take the facts stated in the

complaint as true when considering a motion under Rule 12(b)(1), *see Am. Nat'l Ins. Co. v.*

*FDIC*, 642 F. 3d 1137, 1139 (D.C. Cir. 2011), and may look to materials outside of the pleadings

where appropriate.  *See Garcia Ramirez v. U.S. Immigr. & Customs Enf't*, 338 F. Supp. 3d 1, 21

(citing *Am. Freedom L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016)).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim upon

which relief can be granted" to survive a motion to dismiss.  But a motion to dismiss under Rule

12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits.  *See Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457

U.S. 800 (1982).  A court considering such a motion presumes that the complaint's factual

allegations are true and construes them liberally in the plaintiff's favor.  *See, e.g.*, *United States*

*v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citations omitted).  Therefore,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," are insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court

need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the

veracity of legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.

## IV.  ANALYSIS

The Government moves to dismiss Plaintiff's claims against DHS, USCIS, and their respective heads under Rule 12(b)(1) as moot.  *See* Mot. at 5–6.  Additionally, the Government moves to dismiss Plaintiff's remaining claims under Rule 12(b)(6).  *Id.*  For the following reasons, the court grants the Government's motion to dismiss on both grounds.[1]

### A.  Mootness

As described above, the Government asserts that the claims against DHS, USCIS, and their respective heads are moot under Rule 12(b)(1) because the two agencies either "have no role in adjudicating a visa application" at all or have already "completed their role in the process."  Mot. at 5–6.  Due to Plaintiff's failure to state facts supporting her claim that DHS and USCIS are still involved at this point in Mr. Mahmood's application processing, the Court grants the Government's motion.[2]

---

[1] Preliminarily, the Government asserts that it is not required to produce an administrative record with the filing of its Motion to Dismiss pursuant Local Rule 7(n), despite Plaintiff's APA claims, because the basis of the Complaint is agency inaction.  *See* Mot. at 15 n.4.  Plaintiff never specifically addresses the record requirement in her Opposition.  Local Rule 7(n) requires that agencies involved in cases reviewing "administrative agency *actions*, unless otherwise ordered by the Court," file the administrative record "within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion."  LCvR 7(n)(1) (emphasis added).  "With no opposition, the Court assumes without deciding that the Government did not need to produce an administrative record" and any argument from Plaintiff otherwise is therefore waived.  *Brzezinski v. U.S. Dep't of Homeland Sec.*, No. 21-cv-376, 2021 WL 4191958, at *3 (D.D.C. Sept. 15, 2021) (waiving Plaintiff's potential Local Rule 7(n) objections that were not raised in similar unreasonable delay immigrant fiancé visa application interview case).

[2] The Government makes the same substantive argument under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against "officials who cannot provide the relief requested."  Mot. at 5–6.  Given that the Government does not indicate how its 12(b)(6) claim would be analyzed any differently, it will rise and fall with the Rule 12(b)(1) analysis.

A claim is moot for lack of subject matter jurisdiction under Rule 12(b)(1) when there are no "actual and concrete disputes" between the parties, "the resolution of which have direct consequences on the parties involved." *Sanchez-Gomez*, 138 S. Ct. at 1537. The parties' dispute must also exist throughout "all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). While "a defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case," *Friends of the Earth, Inc.*, 528 U.S. at 174, it may if "there is no reasonable expectation that the wrong will be repeated." *United states v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (quoting *United States v. Aluminum Co. of Am.*, 148 F.1d 416, 448 (2d Cir. 1945)). The evaluating court must take the facts stated in the complaint as true when considering a motion under Rule 12(b)(1). *See Am. Nat'l Ins. Co.*, 642 F.3d at 1139.

Here, Plaintiff alleges that the first step in the processing was completed when Plaintiff filed a visa petition on Mr. Mahmood's behalf with the USCIS on November 29, 2018, and USCIS approved it for a DOS interview on November 19, 2019. *See* Compl. ¶¶ 17–19. The parties also agree that the next step is for DOS to conduct the visa interview with Mr. Mahmood at a consular office. *See id.* ¶¶ 20, 22; Mot. at 2–3; Reply at 5. DOS's component, NVC, has even provided case numbers confirming it is processing the interview for scheduling. *See* Compl. ¶¶ 20, 22; Mot. at 2–3; Reply at 5. According to the complaint, this interview step has not yet been taken and that allegedly unreasonable delay is the source of this dispute. Compl. ¶¶ 23, 36–37.

Regardless of the allegedly unreasonable delay in conducting Mr. Mahmood's interview, "according to Plaintiff the case is out of the hands of USCIS and DHS" because DHS already approved the petition for subsequent DOS interview. *Brzezinski v. U.S. Dep't of Homeland Sec.*,

No. 21-cv-376, 2021 WL 4191958, at *3 (D.D.C. Sept. 15, 2021) (holding unreasonable delay claims against USCIS and DHS moot where UCSIC previously approved Plaintiff's petition); Compl. ¶ 19. Even assuming that "DOS regularly works with the DHS when carrying out background checks and security investigations," Compl. ¶ 29, Plaintiff has offered no supporting facts of continued DHS or USCIS involvement after completing their portion of the visa processing. Without those supporting facts, Plaintiff has not sufficiently pled that an "actual and concrete dispute" exists between the parties.[3] *See Sanchez-Gomez*, 138 S. Ct. at 1537.

The only potentially valid substantive argument against mootness that Plaintiff raises is the voluntary cessation exception. *See* Opp'n at 11. However, Plaintiff does not offer any facts supporting her claim that there is a "reasonable expectation" of repetition. *Id.* (quoting *W.T. Grant Co.*, 345 U.S. at 633). Instead, Plaintiff has offered only a "recitation of the elements" of the mootness exception. *Twombly*, 550 U.S. at 555. With no facts reasonably supporting any expectation that USCIS or DHS would be asked to reprocess Mr. Mahmood's petition after already approving it, Plaintiff has failed to allege facts indicating that the voluntary cessation exception would apply. Therefore, Plaintiff's claims against USCIS, DHS, and their respective heads are dismissed as moot under Rule 12(b)(1).

---

[3] Plaintiff raises the possibility of "a live claim for damages" under the Equal Access to Justice Act in her Opposition. Opp'n at 10. However, Plaintiff's complaint only requests relief in the form of "[a]ttorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act." Compl. at 10. Plaintiff cites no authority that such a claim for costs can defeat mootness. Moreover, there is no claim that such costs and fees cannot be recovered from the remaining Defendants should Plaintiff prevail. Accordingly, the Court will not allow mootness to be defeated for that reason.

## B. Sufficiency of the Complaint

Plaintiff alleges three reasons why the Government's "refusal to adjudicate" Mr.

Mahmood's immigrant visa application is unlawful, requiring that this Court compel the

Government to act.  *See* Compl. at 2.  She contends that the Government is intentionally delaying

Mr. Mahmood's application pursuant to the allegedly unlawful CARRP program, that the length

of the delay is unlawfully unreasonable, and that the delay violates her Fifth Amendment Due

Process rights.  *See* Compl. ¶¶ 31, 37, 41–43.

Plaintiff's first claim is that the Government is "intentionally delaying" Mr. Mahmood's

application pursuant to DHS's CARRP policy in violation of the APA.  Plaintiff claims that

application of the CARRP policy violates the APA because CARRP results in delays in

processing visa applications for beneficiaries from predominantly Muslim countries.  *See* Compl.

¶¶ 30–35.  Moreover, Plaintiff claims that the CARRP policy is unlawful because it was not

subject to notice and comment as required by the APA.  *See* Compl. ¶ 33; Opp'n at 15.[4]

Plaintiff's second claim is that the Government violated the APA by delaying the processing of

Mr. Mahmood's application for an unreasonably long period of time.  *See* Compl. ¶¶ 26–27, 36–

37.  Plaintiff's third claim is that "the combined delay and failure to act by Defendants" violate

her Fifth Amendment Due Process rights.  Compl. ¶¶ 42–43.[5]  The Government moves to

---

[4] The Government asserts in its Reply to Plaintiff's Opposition that Plaintiff never
included an APA notice and comment claim against CARRP in her Complaint.  *See* Reply at 11.
It is unnecessary to decide this issue because the CARRP claim fails regardless.

[5] Though the complaint does not specify whether the violations are of procedural or
substantive due process, Plaintiff's complaint seems to suggest violations of both.  The alleged
deprivation of the "fundamental fairness in administrative adjudication" relates to procedural due
process violations.  Compl. ¶ 41; *see also* Opp'n at 17 (asserting a right to "constitutionally
adequate procedures" in visa application adjudication (quoting *Bustamante v. Kukasey*, 531 F.3d
1059, 1062 (9th Cir. 2008)).  Plaintiff's alleged "loss of consortium" between her and her spouse
relates to a substantive due process claim.  Compl. ¶ 43; *see also* Opp'n at 18 (asserting a

dismiss all three of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim.  *See* Mot. at 6–17.  For the reasons set forth below, the Court grants the Government's motion to dismiss all these claims.

### 1. CARRP Challenge

The Government moves to dismiss Plaintiff's Due Process claim that relies upon the allegation that based "[u]pon information and belief . . . the USCIS and the DOS are and have been complicit in the delay" allegedly caused by the DHS's CARRP policy.  Compl. ¶¶ 31–32; Mot. at 15–16.  The Government contends that this allegation fails to meet the pleading standard because CARRP is a DHS policy that applies to the USCIS, while Mr. Mahmood's application is currently queued for processing at NVC within the Department of State.[6]  *See* Mot. at 4, 16 (quoting *Ghadami*, 2020 WL 1308376, at *6).  And the Government asserts that USCIS completed its role in the processing when it approved Mr. Mahmood's visa petition and sent it along to NVC.  *See* Reply at 11.

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  While the D.C. Circuit has yet to consider a

---

"fundamental right[] involving 'marriage and intimacy'" and "family unity" (quoting *Obergefell v. Hodges*, 576 U.S. 644, 671 (2015)).

[6] "A publicly available document released from USCIS as a result of FOIA requests state[s] that CARRP does not apply to I-130 visa applications."  *Ghadami*, 2020 WL 1308376, at *6 n.3 (citing Fraud Detection & National Security Controlled Application Review and Resolution Program (CARRP) Independent Study, U.S. Citizenship and Immigration Services, https://www.aclusocal.org/sites/default/files/wp-content/uploads/2013/01/FDNS-CARRP-Independent-Study-Powerpoint-v.-1.1-Dec.-28-2011.pdf (Dec. 28, 2011) at 28).

CARRP claim under Rule 12(b)(6), courts in this district have held similarly to the Eighth Circuit that complaints alleging unlawful CARRP involvement with mere "labels and conclusions, based on speculation" are not plausible on their face because they "fail to allege how CARRP individually impacted their immigration proceedings."  *Al-Saadoon v. Barr*, 973 F.3d 794, 803–04 (8th Cir. 2020); *see id.* (dismissing CARRP claim alleging unlawfully denied permanent resident status adjustment based "upon information and belief" for "fail[ure] to allege sufficient facts to establish that CARRP caused the denial"); *see, e.g.*, *Dastagir v. Blinken*, No. 20-cv-02286, 2021 WL 2894645, at *6 n.7 (D.D.C. July 9, 2021) (dismissing CARRP claim alleging unreasonable visa delay based on "information and belief" for failing to "set forth any factual allegations to support it" (quoting *Ghadami*, 2020 WL 1308376, at *6)).

Relatedly, courts in this district have consistently held that "[i]f CARRP does not apply to plaintiffs, and they have not been affected by it, then they have no standing to pursue a claim based on it." *Ghadami*, 2020 WL 1308376, at *6 (dismissing CARRP claim alleging the unreasonably and intentionally delayed waiver process for a refused visa application based "on information and belief" for failure to contest that "CARRP does not apply to them"); *see, e.g.*, *Abbas v. U.S. Dep't of Homeland Sec.*, 1:20-cv-03192, 2021 WL 3856625, at *2 n.3 (finding that "[m]erely invoking the term CARRP does not automatically result in a grant of Article III jurisdiction" to CARRP claim based "on information and belief" when CARRP did not apply to the plaintiff for failure to "allege[] an injury-in-fact").  Plaintiffs with CARRP claims, like all plaintiffs, must establish standing by demonstrating three elements in their complaint: (1) plaintiff suffered an "injury-in-fact" that is concrete and particularized and "actual or imminent"; (2) "the injury is 'fairly traceable' to the challenged action of the defendant"; and (3) "it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable

decision.'" *See Ghadami*, 2020 WL 1308376, at *6 n.4 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Here, Plaintiff's "information and belief" CARRP claim is unsupported by any factual allegations specific to Mr. Mahmood's application. While Plaintiff provides ample detail about an alleged harm CARRP generally inflicts, *see* Compl. ¶¶ 33–35, she states that USCIS already "approved [her] I-130 spouse visa petition." Compl. ¶ 19. Other than "information and belief," Plaintiff's complaint contains no supporting factual allegations that USCIS and DHS are still involved or are using CARRP for "carrying out background and security investigations" on Mr. Mahmood's application at this point in the processing. Compl. ¶ 29; Opp'n at 16. As a result, Plaintiff has failed to demonstrate that Mr. Mahmood's application was "individually impacted" by CARRP. *Al-Saadoon*, 973 F.3d at 804. Therefore, like other plaintiffs who have raised similar CARRP claims in this Court, Plaintiff has not stated a claim nor alleged an injury-in-fact. *See Ghadami*, 2020 WL 1308376, at *6; *Al-Saadoon*, 973 F.3d at 804. This leaves Plaintiff's unreasonable delay allegation as the only APA claim left standing. *See* Compl. ¶¶ 36–37.

## 2. Unreasonable Delay

The Government moves to dismiss Plaintiff's unreasonable delay claim under Rule 12(b)(6) on the grounds that the delay in scheduling Mr. Mahmood's interview is not unreasonable as a matter of law. *See* Mot. at 6. Before this Court can analyze the unreasonableness of the delay, the conflict between the parties on the length of the delay must be resolved. *See* Mot. at 2; Opp'n at 4. The Government asserts that the delay is the approximately eighteen-month period between USCIS's last action on November 19, 2019, and when Plaintiff filed suit on May 7, 2021. *See* Mot. at 2. In contrast, Plaintiff asserts that the delay is the "nearly thirty month[]" period between when she filed the visa petition with USCIS on

November 29, 2018, and when she filed her Opposition on August 3, 2021.  *See* Opp'n at 4.

Similar cases "seem to focus on the delay" from the last Government action "to the issuance of

the opinion."  *Brzezinski*, 2021 WL 4191958, at *4 & n.3 (analyzing seventeen-month delay

corresponding to time between "the last Government action" and the opinion's issuance).

Accordingly, the period of time for purposes of analyzing unreasonable delay in the instant case

is the approximately twenty-five-month period of time between USCIS's last action on

November 19, 2019, and the issuance of this Court's opinion.  *See* Compl. ¶ 19; Mot. at 2.

Section 706(1) of the APA authorizes federal courts to "compel agency action unlawfully

withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Simultaneously, under the Mandamus

Act, federal courts may issue writs of mandamus to "compel an officer or employee of the

United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

"The standard for undue delay under the Mandamus Act . . . is identical to the APA

standard."  *Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020) (citing *Norton v. S.

Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004)); *see also Didban v. Pompeo*, 435 F. Supp. 3d

168, 177 (D.D.C. 2020).  In determining whether an agency action has been unreasonably

delayed, this Court must apply the D.C. Circuit's six-factor test from *Telecommunications

Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984):

> (1) the time agencies take to make decisions must be governed by a rule of
> reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with
> which it expects the agency to proceed in the enabling statute, that statutory
> scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less
> tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency
> activities of a higher or competing priority;

> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order that agency action is "unreasonably delayed."

*Id.* at 80 (cleaned up).  The first *TRAC* factor is the "most important" and accordingly carries the most weight.  *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).  These factors are generally applied at the motion to dismiss stage of cases involving unreasonable delays, but only "if the 'record contains enough facts to evaluate the *TRAC* factors.'"  *Brzezinski*, 2021 WL 4191958, at *4 (quoting *Sarlak v. Pompeo*, No. 20-cv-35, 2020 WL 3082018, at *5 (D.D.C. June 10, 2020)).  Here, the record includes sufficient facts for a *TRAC* analysis.

"Courts typically consider *TRAC* factors one and two together" because they both analyze whether there is "sufficient rhyme and reason to explain the Government's response time." *Dastagir*, 2021 WL 2894645, at *3–4 (cleaned up).  "There is no congressional imposed timeline" for processing spouse visa applications.  *Mohammad v. Blinken*, No. 20-cv-03696, 2021 WL 2866058, at *3 (D.D.C. July 8, 2021) (quotation omitted).  Rather, Congress has given the executive agencies broad discretion in immigration processing matters.  *See Arpaio v. Obama*, 797 F. 3d 11, 16–17 (D.C. Cir. 2015).  Absent a congressionally established timeframe, "courts typically turn to case law as a guide."  *Sarlak*, 2020 WL 3082018, at *6 (citing *Skalka v. Kelly*, 246 F. Supp. 3d 147, 154 (D.D.C. 2017)).

As established above, the delay at issue here was approximately twenty-five months. Plaintiff asserts that "there are many courts that *have* found delays of over one year—like the delay in this case—to be unreasonable."  Opp'n at 12 (emphasis in original).  However, Plaintiff only cites cases from district courts outside the District of Columbia that found delays unreasonable when the length spanned longer than two years.  *Id.*; *see, e.g.*, *Ren v. Mueller*, No. 6:07-cv-790, 2008 WL 191010, at *11 (M.D. Fla. Jan. 22, 2008) (holding that the plaintiff

adequately alleged that a delay of almost four years was unreasonable under the APA); *Gelfer v. Chertoff*, No. C 06-06724, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (holding that the reasonableness of a delay of longer than two years was sufficiently fact dependent to survive a motion to dismiss).

But there is an abundance of case law within this district finding delays longer than two years not unreasonable. Mot. at 8–9; *see, e.g.*, *Ghadami*, 2020 WL 1308376, at *8 (finding that a twenty-five month delay was not long enough to tilt the first two *TRAC* factors in favor of the plaintiff); *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 95 (D.D.C. 2020) (holding that a twenty-five month delay is not unreasonable as a matter of law). "In fact, several of this district's courts have noted that delays between three to five years are 'often not unreasonable.'" *Zandieh v. Pompeo*, No. 20-cv-919, 2020 WL 4346915, at *6 (D.D.C. July 29, 2020) (quoting *Sarlak*, 2020 WL 3082018, at *6); *see also Didban*, 435 F. Supp. 3d at 176. Plaintiff's supporting authorities provide nominal persuasive weight in her favor. In light of the cases from this district finding comparable delays not unreasonable, this Court finds that the first two *TRAC* factors weigh in favor of the Government.

The third and fifth *TRAC* factors weigh somewhat in Plaintiff's favor. These factors ask Courts to consider the delay's negative effects on the "human health and welfare" at stake and "the nature and extent of the interests" as tilting towards unreasonableness. *See TRAC*, 750 F.2d at 80. Plaintiff argues that her distress from being separated from her spouse has led to medical diagnoses of hypertension, depressive disorder, and generalized anxiety disorder in March 2021, for which she was prescribed medication in July 2021. *See* Opp'n at 4; *id.* Exs. 1–4, ECF Nos.

5-1 to 5-4.[7]  This district has recognized medical diagnoses of harms exacerbated or caused by

delays as weighing this factor in favor of plaintiffs.  *See Mirbaha v. Pompeo*, 513 F. Supp. 3d

179, 186 (D.D.C. 2021).  Though *Mirbaha* involved a diagnosis involving medically urgent

childbearing that is not present in Plaintiff's case, here, Plaintiff's doctor confirmed

diminishment in quality of life and general loss of consortium, tilting these factors at least

somewhat in Plaintiff's favor.

The fourth *TRAC* factor weighs in favor of Defendants.  This factor requires courts to

consider the "effect of expediting delayed action on agency activities of a higher or competing

priority."  *TRAC*, 750 F.2d at 80.  If finding for an applicant "would simply move Plaintiff to the

head of the line at the expense of others waiting for the same action," courts will not compel an

agency to act.  *Brzezinski*, 2021 WL 4191985, at *5 (citing *Mirbaha*, 531 F. Supp. 2d at 186).

Plaintiff contends that this factor tilts in her favor because courts have deemed it improper to

weigh delays an agency faces generally due to a lack of resources or "[b]ureaucratic inadequacy"

against applicants.  Opp'n at 12–13 (quoting *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 744 (E.D.

Va. 2008)); *see, e.g.*, *Zhou v. FBI Director*, No. 07-cv-238, 2008 WL 2413896, at *7 (D.N.H.

June 12, 2008); *Aslam*, 531 F. Supp. 2d at 744; *Alkeylani v. Dep't of Homeland Sec.*, 514 F.

Supp. 2d 258, 266 (D. Conn. 2007); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 158 (D. Mass. 2007).

Yet, Plaintiff has failed to include any facts in her complaint to support a reasonable inference

that moving her case ahead of other applicants facing similar or longer delays would produce a

"net gain" in the future.  *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021) (quoting

*Sarlak*, 2020 WL 3082018, at *6).  In other words, Plaintiff has not pleaded facts that would

---

[7] Defendants correctly point out that these factual allegations do not appear in Ms.
Mahmood's Complaint.  Reply at 9.  But even if the Court had not considered them, it would not
change the overall outcome.

imply that granting relief would do anything more than expedite her case at the expense of similarly waiting applicants. Cases in this district have found that this factor favors defendants in such circumstances. *See, e.g.*, *Ghadami*, 2020 WL 1308376, at *9 (explaining that "the fourth *TRAC* factor . . . weighs in favor of the government" where expediting review of the plaintiff's application would merely put him at the head of the queue); *Dastagir*, 2021 WL 2894645, at *5 (explaining that the fourth factor favors the government where compelling adjudication of the plaintiff's application would merely allow the plaintiff "to jump the line"). Therefore, the Court finds that the fourth *TRAC* factor favors Defendants.

The sixth *TRAC* factor does not weigh in either party's favor. This factor states that finding "impropriety lurking behind agency lassitude" is not necessary for finding agency action unreasonably delayed. *TRAC*, 750 F.2d at 80. The Government's contention that this factor weighs in its favor because Plaintiff has not alleged bad faith, *see* Mot. at 14, and that it has acted in good faith to address the pandemic and U.S. Embassy attacks causing the delay, *see* Reply at 10, is inconsistent with this Court's understanding of this factor. *See Brzezinski,* 2021 WL 4191958, at *6. As noted in *Brzezinski*, "[i]n instances where a plaintiff makes no allegation of bad faith, courts often have either chosen not to apply the sixth *TRAC* factor at all or acknowledged that this does not count against the plaintiff's case." *Id.* (citations omitted). Accordingly, this factor does not affect the outcome here either.

In total, factors one, two, and four weigh in favor of the Government, factors three and five weigh somewhat in favor of Plaintiff, and the sixth factor is inconclusive. Taken together, the *TRAC* factors weigh in favor of the Government. The preceding analysis does not mean that the Government's delay in processing Plaintiff's spouse visa application will remain reasonable

indefinitely.  Nevertheless, an application of all six *TRAC* factors shows that Plaintiff has failed to state a claim at this time.  Therefore, this claim is dismissed pursuant to Rule 12(b)(6).

### 3.  Due Process Claim

The Government moves to dismiss Plaintiff's Due Process claim for failure to "state a cognizable Constitutional claim" under either a "procedural or substantive theory."  Mot. at 16. First, the Government asserts that a procedural claim fails under the Due Process Clause of the Fifth Amendment and that any procedural claim must instead "rely on a statutory claim (i.e., the APA)," not the Constitution.  *See* Mot. at 16–17.  Second, the Government asserts that Plaintiff does not have a substantive right to live in the United States with her non-citizen spouse under the Supreme Court's substantive due process precedent.  *See id.* at 17.

To succeed on a procedural due process claim, "a plaintiff must show that there was a cognizable liberty or property interest at stake" first.  *Smirnov v. Clinton*, 806 F. Supp. 2d 1, 12 (D.D.C. 2011) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).  Then, "[i[f a cognizable liberty or property interest is at stake, due process requires only 'a meaningful opportunity to present' a case."  *Hamal v. U.S. Dep't of Homeland Sec.*, No. 19-cv-2534, 2020 WL 2934954, at *4 (D.D.C. June 3, 2020) (quoting *Mathews*, 424 U.S. at 349).  In other words, a plaintiff must show that "the procedures the government provided were constitutionally inadequate." *Ghadami*, 2020 WL 1308376, at *10 (citing *Swarthout v. Cooke*, 562 US. 216, 219 (2011) (per curiam)).  However, "[g]enerally, there is no property right in an immigrant visa," *Hamal*, 2020 WL 2934954, at *4 n.4, nor do noncitizens "have a constitutionally-protected interest in the procedures by which . . . visas are obtained," *Smirnov*, 806 F. Supp. 2d at 12.

To succeed on a substantive due process claim, a plaintiff is required "to show violation of a fundamental right 'deeply rooted in this Nation's history.'"  *Hamal*, 2020 WL 2934954, at

*4 n.3 (citing *Abigail All. for Better Access to Developmental Drugs v. von Eschenbach*, 495 F.3d 695, 702 (D.C. Cir. 2007) (en banc)).  While substantive constitutional due process "protects an individual's right to marry and the marital relationship, these constitutional rights are not implicated when a spouse is removed or denied entry to the United States."  *Singh v. Tillerson*, 271 F. Supp. 3d 64, 71 (D.D.C. 2017) (citing *Swartz v. Rogers*, 254 F.2d 338, 339 (D.C. Cir. 1958)).  Instead, the D.C. Circuit has held that a U.S. citizen's marital liberty interest is not violated where deporting their non-citizen spouse from residing within the country "would not in any way destroy the legal union which the marriage created."  *Swartz*, 254 F.2d at 339.  "Applying *Swartz*, numerous courts in this district have ruled that a U.S. citizen has no constitutional right which is violated by the denial of a spouse's visa application."  *Rohrbaugh v. Pompeo*, 394 F. Supp. 3d 128, 133 (D.D.C. 2019) (citing *Singh*, 271 F. Supp. 3d at 71; *Jathoul v. Clinton*, 880 F. Supp. 2d 168, 172 (D.D.C. 2012); *Escobar v. INS*, 700 F. Supp. 609, 612 (D.D.C. 1988)).

Here, to the extent that Plaintiff claims her procedural due process "interest and right" to her spouse's visa application being "properly adjudicated" are violated, it cannot survive the Government's motion to dismiss.  Opp'n at 16–17; *see also* Compl. ¶ 41.  Considering that "there is no property right in an immigrant visa," *Hamal*, 2020 WL 2934954, at *4 n.4, and non-citizens do not have "a constitutionally-protected interest in the procedures by which such visas are obtained," *Smirnov*, 806 F. Supp. 2d at 12, Plaintiff has not pled any facts that plausibly demonstrate a cognizable liberty or property interest are at stake.  Furthermore, Plaintiff's failure to sufficiently plead that the delay in question was unreasonable also fails to "establish a defect in the administrative process" that Mr. Mahmood's visa is undergoing.  *Hamal*, 2020 WL 2934954, at *4.  Accordingly, this Court will dismiss Plaintiff's procedural due process claim.

To the extent that Plaintiff raises a substantive due process claim to marital consortium and family unity, it also cannot survive the Government's motion to dismiss.  *See* Compl. ¶ 43; Opp'n at 18.  "[E]ven if the [visa-processing] delay amounts to a refusal of entry, the Government has 'not violated any constitutionally protected right'" to marital consortium. *Zandieh*, 2020 WL 4346915, at *7 (quoting *Singh*, 271 F. Supp. 3d. at 72).  Rather, the delay has "affected only the 'physical conditions of the marriage.'"  *Id.* (quoting *Swartz*, 254 F.2d at 339). Despite Plaintiff's citation to Ninth Circuit authorities to support her claim of a fundamental liberty right to live in the United States with Mr. Mahmood, *see* Opp'n at 17 (citing *Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013)); *id.* at 18 (citing *Khachatryan v. Blinken*, 4 F.4th 841 (9th Cir. 2021)), "[g]iven *Swartz*, that is not the law in this Circuit."  *Rohrbaugh*, 394 F. Supp. 3d at 134 n.4.  "Bound by circuit precedent," this Court will dismiss Plaintiff's substantive due process claim.  *Id.* at 133.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED.** An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  December 20, 2021                                          RUDOLPH CONTRERAS
                                                                            United States District Judge